567 So.2d 486 (1990)
Armanda M. SITTIG, M.D., Appellant,
v.
TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, INC., Appellee.
No. 90-31.
District Court of Appeal of Florida, First District.
September 13, 1990.
Rehearing Denied October 29, 1990.
Donna H. Stinson of Moyle, Flanigan, Katz, FitzGerald & Sheehan, P.A., Tallahassee, for appellant.
John D. Buchanan, Jr. of Henry, Buchanan, Mick & English, Tallahassee, for appellee.
PER CURIAM.
Appellant, plaintiff below, appeals the dismissal of her complaint for failure to prosecute, claiming that the dismissal violates her constitutional right of access to the courts. We agree and reverse.
Appellant is an obstetrician who served on the staff of Tallahassee Memorial Regional Medical Center (appellee) until her staff privileges were suspended by the hospital pursuant to the peer review process prescribed by Section 395.0115(1), Florida Statutes (1985), which provides:
If the governing board of any licensed facility has reasonable belief that conduct by a staff member may constitute one or more grounds for discipline as provided in this subsection, the board shall investigate and determine whether grounds for discipline exist with respect to the staff member. The governing board of any licensed facility, after considering the recommendations of its medical staff, shall suspend, deny, revoke, or curtail the staff privileges, or reprimand, counsel, or require education, of any staff member after a final determination has been made that one or more of the following grounds exist:
(a) Incompetence.
(b) Being found to be a habitual user of intoxicants or drugs to the extent that he is deemed dangerous to himself or others.
(c) Mental or physical impairment which may adversely affect patient care.
(d) Being found liable by a court of competent jurisdiction for medical negligence or malpractice involving negligent conduct.
(e) One or more settlements exceeding $10,000 for medical negligence or malpractice involving negligent conduct by the staff member.
(f) Medical negligence other than as specified in paragraphs (d) or (e).
(g) Failure to comply with the policies, procedures, or directives of the risk management program or any quality assurance committees of any licensed facility.

*487 However, the procedures for such actions shall comply with the standards outlined by the Joint Commission on Accreditation of Hospitals, the American Osteopathic Association, the Accreditation Association for Ambulatory Health Care, and the "Medicare/Medicaid Conditions of Participation," as such procedures existed on January 1, 1985. The procedures shall be adopted pursuant to hospital bylaws.
Appellant then filed suit against appellee, alleging, among other things, breach of contract, violation of medical staff requirements under Section 395.0115, and libel. Section 395.0115(5) provides:
(5)(a) In the event that the defendant prevails in an action brought by a staff member against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section, the court shall award reasonable attorney's fees and costs to the defendant.
(b) As a condition of any staff member bringing any action against any person or entity that initiated, participated in, was a witness in, or conducted any review as authorized by this section and before any responsive pleading is due, the staff member shall post a bond or other security, as set by the court having jurisdiction of the action, in an amount sufficient to pay the costs and attorney's fees.[1]
Appellee moved for an order requiring posting of the bond as required by the above statute. Appellant asserted that she was without income and therefore unable to post a bond in any significant amount. She submitted evidence regarding her financial circumstances, and argued that the bond requirement could not constitutionally be applied to bar suit by a plaintiff who is unable to post the bond. The trial court rejected appellant's constitutional arguments and, after an evidentiary hearing, set the bond amount at $30,000. On October 21, 1988, the trial court issued an order staying appellant's action until she posts the bond.
No bond was posted, and no record activity occurred until October 27, 1989, when appellee moved to dismiss for failure to prosecute pursuant to Rule of Civil Procedure 1.420(e). Hearing was held, after which the trial court issued an order dismissing the action for failure to prosecute. The court found that appellant was still financially unable to post the bond.
Appellant asserts that the bond requirement, both on its face and as applied to this case, violates Article I, Section 21 of the Florida Constitution, which provides:
The court shall be open to every person for redress of any injury, and justice shall be administered without sale, denial, or delay.
We do not reach the claim of facial unconstitutionality of Section 395.0115(5)(b) because of our conclusion that the subject statute is unconstitutional as applied in the instant case. The bond requirement clearly cannot withstand constitutional scrutiny where it effectively operates to preclude the appellant from exercising her constitutional right of access solely because of her financial inability to post the requisite bond.[2]
Accordingly, we REVERSE and REMAND with directions to reinstate appellant's complaint.
SMITH, NIMMONS and ALLEN, JJ., concur.
NOTES
[1] The attorney's fee provision and bond requirement are now found in subsection (8).
[2] The genuineness of a claim of inability to meet the bond requirement is of course a factual matter for determination by the trial court.